UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

VALIERIE MILLER,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD. d/b/a
NCL and/or NCL AMERICA,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, VALERIE MILLER, by and through undersigned counsel, sues the Defendant, NCL (BAHAMAS) LTD. d/b/a NCL and/or NCL AMERICA, a foreign corporation ("NCL"), and alleges:

1. Plaintiff is a citizen of the State of New York.

2. Defendant is a foreign corporation, and has its principal place of business in Florida. Federal subject matter jurisdiction arises under 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state, and also arises under the admiralty or maritime jurisdiction provisions of 28 U.S.C. § 1333.

3. Further, the forum selection and venue clauses contained within NCL's passenger ticket require suit be filed in this Court.

4. The Defendant was engaged in the business of providing to the public and the Plaintiff, for compensation, vacation cruises aboard the vessel *Norwegian Gem,* a cruise ship owned, operated, managed, maintained and/or controlled by Defendant, NCL.

5. On or about February 19, 2015, the Plaintiff was caused to fall severely injuring herself in the Spinmaker Lounge on Deck 13 of the vessel, as a result of the reasons hereinafter alleged.

6. At said date, time and place, the Defendant, NCL, through its agents, servants and employees, failed to exercise reasonable care under the circumstances, by committing one or more of the following acts:

   a. By creating a dangerous condition, by not closing the dance floor to passengers, when NCL knew or should have known that the vessel was encountering turbulent seas;

   b. By failing to warn passengers in the Spinmaker Lounge that the seas were turbulent, as the passenger within the lounge could not appreciate the danger until the ship violently rocked, causing the plaintiff, as well as other passengers to suddenly violently fall onto the dance floor.

   c. By failing to take reasonable steps to eliminate known existing hazards to passengers, including the Plaintiff.

   d By failing to warn the Plaintiff of the dangerous condition of the dance floor as described above, which condition was dangerous, and poised a safety hazard to passengers, including te Plaintiff.

   e. By placing a speaker on the dance floor, thereby creating a contributing dangerous and hazardous condition to passengers invited to dance thereon;

   g. By permitting said speaker used by NCL's personnel to remain on the dance floor while the Spinmaker Lounge was open and passengers were invited to dance thereon;

   h. By lowering the illumination in the Spinmaker Longe so that passengers dancing, such as the Plaintiff, could not see the speaker on the dance area;

7. The negligent, hazardous and unsafe condition was created by or known to the

Defendant, NCL, or had existed for such a length of time, so that the Defendant knew or should have known of said condition.

8. At all times material hereto, the Plaintiff exercised reasonable care under the circumstances.

9. As a direct and proximate result of the above described negligence of the Defendant, NCL, the Plaintiff was caused to fall, suffered pain therefrom, incurred medical expenses in the treatment of the injury, and suffered physical handicap; the injury is either permanent or continuing in nature, and the Plaintiff has incurred and will incur expenses for her care and treatment.

10. All conditions precedent to the maintenance of this lawsuit have been met by the Plaintiff, including the delivery of written notice of this claim to the Defendant, as required by the passenger standard form ticket.

WHEREFORE the Plaintiff demands judgment for damages against Defendant, CARNIVAL, and further demands a trial by jury.

Dated this 15th day of June, 2015.

ROBERT L. GARDANA, P.A.

Attorneys for Plaintiff
12350 SW 132 Court, #204
Miami, Florida 33186
PH: 305-358-0000
FAX: 305-358-1680

By: /s/_____
Robert L. Gardana, Esq.
Florida Bar No. 279668

Z:\1 WPWIN\Maritime Passenger\Zarod Sandra NCL Settled\Pldgs\# 1 Complaint22615.wpd